UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **William Geith,** | ) | **CASE NO. 1:12 CV 934** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Sprint Communications Company L.P.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon defendant Sprint Communications Company L.P.'s Motion to Dismiss (Doc. 15) and defendant's Motion to Remand (Doc. 18). The issue before this Court is whether plaintiff is time-barred from filing his ERISA claim for failure to exhaust administrative remedies, and whether the matter should be remanded to the Administrator of the Plan. For the following reasons, the Motion to Dismiss is DENIED and the Motion to Remand is UNOPPOSED and GRANTED.

### Facts

Plaintiff William Geith filed this Complaint against defendant Spring Communications Company L.P. The Complaint alleges the following. Plaintiff had been

1

employed by defendant or its predecessors since 1980. Based upon representations by Sprint that plaintiff would receive a monthly pension benefit and monthly annuity payment upon retirement, plaintiff advised Sprint in 2004 that he intended to retire in six months. Plaintiff retired in January 2005, and began receiving his monthly pension benefit but not his monthly annuity payment. Plaintiff sent a letter, via certified mail, to defendant on November 22, 2010. The letter stated that plaintiff was requesting, under ERISA, a review of Sprint's failure to pay the monthly annuity. Plaintiff sent a follow-up letter dated June 20, 2011, when no response to his earlier letter had been received. This letter indicated that plaintiff's counsel had contacted Sprint on two previous occasions by telephone since the November 22 letter as no response had been received. No response was received from defendant to the June 20 letter.

Plaintiff filed this action on April 18, 2012.[1] The case was stayed at the request of the parties on August 21, 2012, as plaintiff indicated that he had received an additional denial of his claim and would pursue his administrative remedies under the ERISA Plan. On March 5, 2013, plaintiff filed a Motion to Lift Stay, stating that he had exhausted his administrative remedies. This Court granted the motion and lifted the stay.

This matter is now before the Court upon defendant's Motion to Dismiss.

**Discussion**

Defendant argues that plaintiff has failed to fully exhaust his administrative remedies. Defendant submits a letter dated July 3, 2012 from the Plan Administrator to plaintiff denying

---

[1] Plaintiff originally filed a Complaint against defendant (1:08 CV 1197), which was dismissed for failure to fully exhaust his administrative remedies.

plaintiff's claim. (Doc. 15 Ex. D) The letter states that it is in response to plaintiff's November 22, 2010 letter, and acknowledges that the response is untimely given that plaintiff was entitled to a response under the Plan within 60 days of his request.  The letter additionally states that the Administrator had been made aware that a second letter was sent by plaintiff on June 20, 2011, but that the Administrator had not received it because it was sent to another address and not forwarded to him.[2] Finally, the letter informs plaintiff that he must file his administrative appeal from the decision within 60 days of the receipt of the letter. (*Id.*)

Defendant asserts that because there are no allegations in the Complaint[3] or plaintiff's Motion to Lift Stay that plaintiff filed an appeal of the July 3, 2012 denial of his claim as required by the Plan, he has failed to fully exhaust his administrative remedies. And, defendant maintains, plaintiff is now time-barred from doing so as he did not file an appeal within 60 days after the claim was denied although he was informed that he must do so.

In his response, plaintiff demonstrates the following. Plaintiff received the defendant's letter of July 3, 2012, denying his claim.  He sent a letter dated July 26, 2012, seeking to appeal the denial.  The letter was sent to the address which was identified by defendant in the July 3 letter as the address to be utilized in filing an appeal. (Doc. 17 Ex. D) Although Article 12.3 of the Plan requires that plaintiff be given a written decision within 60 days, plaintiff received no response to his notice of appeal.  (pltf. aff.) This prompted plaintiff, in March

---

[2]  This is odd given that the June letter was sent to the identical address as the November letter.

[3]  Of course, the Complaint was filed in April 2012 which probably prompted the July 2012 response.  Plaintiff could not have fully exhausted by filing his appeal at the time his Complaint was filed.

3

2013, to ask that the stay be lifted.

Rather than filing a reply brief to the Motion to Dismiss, defendant filed a Motion to Remand to the Benefit Administrative Committee (BAC) of the Sprint Retirement Pension Plan.  In this motion, defendant asserts, "Plaintiff now maintains that he filed an appeal of the denial of his claim with the BAC. However, the BAC has no record of Plaintiff's appeal." (Doc. 18 at 2)  Defendant faults plaintiff for failing to attach the appeal letter to the Motion to Lift Stay, or to reference it in that motion. Defendant contends that "nonetheless, under the circumstances" the matter should be remanded to the BAC to hear plaintiff's appeal.  (*Id.*) Defendant further states that "in light of Plaintiff's putative appeal letter," the case should be remanded to allow a full and fair review by the BAC of the denial of plaintiff's claim for benefits.  (*Id.*)

This Court expedited the briefing on the Motion to Remand, requiring that plaintiff file a brief in opposition by June 5 and defendant reply by June 10.  No briefs were filed. Therefore, plaintiff did not oppose the Motion to Remand.  The Court finds that remand is appropriate notwithstanding defendant's extremely dilatory conduct in this matter. Defendant's July 3, 2012 denial letter states that it is responding to plaintiff's November 22, 2010 letter- more than a one and one-half year delay when the Plan required a response within 60 days.  Defendant's July 2012 letter also states that it never received plaintiff's second letter of June 2011, although that letter was sent to the same address as the first. The Court is also quite disturbed by defendant's attempt to blame plaintiff for its own inaction in failing to respond to plaintiff's July 26, 2012 appeal.  Defendant maintains that it never received plaintiff's timely appeal, although it was sent to the address which defendant itself identified

4

as the one plaintiff should use in appealing.  This case displays either gross neglect or extreme inefficiency on defendant's part.  Nevertheless, this matter will be remanded to the Benefit Administrative Committee of the Sprint Retirement Pension Plan for prompt consideration of plaintiff's appeal of the denial of his claim.

**Conclusion**

For the foregoing reasons, defendant's Motion to Dismiss is denied and defendant's Motion to Remand is unopposed and granted.

IT IS SO ORDERED.


/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
Date:   6/19/13       United States District Judge