**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **William A. Geith,** | ) | **CASE NO. 1:12 CV 934** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Sprint Communications Company L.P.** | ) | |
| **et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**Introduction**

This matter is before the Court upon Defendants' Motion for Judgment on the Administrative Record (Doc. 34).  This is an ERISA action.  For the following reasons, defendants' motion is GRANTED.

**Facts**

Plaintiff, William Geith, was hired by Southern Pacific Communications on March 31, 1980.[1]  While he worked for Southern Pacific Communications, it was acquired by GTE, which

---

[1] The Administrative Record is found in Doc. 34-3 and the Sprint Retirement Pension Plan is found in Doc. 34-4.  Pages within these documents are Bates stamped "SPR" and will be referred to as such.

1

was then acquired by United Telecommunications.  United Telecommunications then became Sprint Corporation.  Plaintiff was continuously employed by Sprint and these other entities until his retirement on March 1, 2005. (SPR 28).[2]

Because of plaintiff's employment with Sprint and its predecessors, he was eligible to participate in the Sprint Retirement Pension Plan ("SRPP") and two other ERISA-governed pension plans that were incorporated into the SRPP. (SPR 1-2).  Under the terms of the SRPP, plaintiff was entitled to the greatest of three benefits.  SRPP Section 3.2 contains the formula for calculating benefits based on the participant's years of service and compensation.  SRPP Appendix KK contains a similar provision explaining how to calculate pension benefits for former GTE employees.  And SRPP Appendix JJ lays out the method for calculating benefits for individuals that worked for US Sprint. (SPR 2).

In December 2003, plaintiff emailed the Sprint Pension Plan Administrator requesting details on his pension plan, including "detailed benefit amounts, early retirement dates and formulas used to determine those dates and benefit amounts." (SPR 141).  In January 2004, Barbara Westfall ("Westfall") at Sprint sent plaintiff four pages of documents showing his pensionable salary and a copy of the SRPP, including its appendices which set forth the various formulas by which plaintiff's pension would be calculated. (SPR 125-129).

In February 2004, plaintiff emailed Sprint employee Stephanie Barnhill ("Barnhill") with questions regarding the amount of his pension benefits if he retired early. (SPR 15).  Plaintiff indicated that he had used the online Pension Estimator website to determine his estimated

---

[2]     Plaintiff brings this action against Sprint Communications Company L.P., Sprint Retirement Pension Plan Benefit Committee, and Sprint Nextel Corporation (collectively "defendants"), all of which joined in the instant motion.

benefits, resulting in conflicting information and different estimates. Barnhill advised plaintiff that his pension benefits would be calculated using three different formulas and that he would receive "the better of the three." (SPR 15). Barnhill stated that portion of the pension benefit could be taken as a lump sum and that the "estimated lump sum is $141,855.34." Finally and importantly, Barnhill told plaintiff that he could take a "monthly annuity in the amount of $1005.22 *or* [plaintiff] could take a lump sum of $141,855.34 and a remaining annuity of $213.32 [per month]."(SPR 15).

In July 2004, plaintiff made an official notification of retirement to occur on March 1, 2005. (SPR 89). In December 2004, plaintiff received his official retirement package from Westfall, which included a lump sum of $148,202 but no monthly annuity. (SPR 115).

Having received the retirement information, plaintiff contacted Barnhill on December 22, 2004 to clarify the difference between it and the estimate Barnhill had provided him in March. (SPR 14). Barnhill replied in an email on January 4, 2005, explaining that she had calculated plaintiff's retirement in error using the "special early retirement date" formula, which applies only when a participant's employment is terminated as the result of a permanent shutdown, a determination that the participant is mentally or physically unfit to perform his job, or the elimination of the participant's job due to merger or a reduction in force. (SPR 14). Because plaintiff was voluntarily resigning his employment, plaintiff did not qualify for the additional monthly annuity but only a lump sum payout. Barnhill also apologized to plaintiff, stating: "I'm sorry for any confusion this may have caused, I'm not sure why I thought you were in a situation where your job was being eliminated, but that's how I calculated the estimate." (SPR 14).

On January 24, 2005, plaintiff executed a retirement application confirming his request

for retirement effective March 1, 2005 "according to the terms and provisions of the Sprint Retirement Pension Plan." (SPR 13).  At the same time, plaintiff executed an estimated Pension Option Election form, which indicated that plaintiff was entitled to monthly pension benefits of $815.31 for life or a one-time lump sum of approximately $148,202,000.  Electing to take the lump sum, plaintiff ultimately received $150,368.44. (SPR 27).

Plaintiff originally filed suit in 2008.  That case was dismissed for failure to exhaust administrative remedies. *Geith v. Sprint Communications Company L.P.*, Case No. 1:08 CV 1197 (N.D. Ohio July 3, 2008).  Plaintiff then filed an administrative appeal.

Plaintiff filed this action on April 18, 2012.  The case was stayed at the request of the parties on August 21, 2012, as plaintiff indicated that he had received an additional denial of his claim and would pursue his administrative remedies under the ERISA Plan.  On March 5, 2013, plaintiff filed a Motion to Lift Stay, stating that he had exhausted his administrative remedies.  This Court granted the motion and lifted the stay.  Defendant then filed a Motion to Dismiss and a Motion to Remand to the Benefit Administrative Committee of the Sprint Retirement Pension Plan.  This Court denied defendant's Motion to Dismiss but granted the unopposed Motion to Remand. *Geith v. Sprint Commc'ns Co. L.P.*, 1:12 CV 934, 2013 WL 3153947 (N.D. Ohio June 19, 2013).

This matter is now before the Court upon defendant's Motion for Judgment on the Administrative Record, which plaintiff opposes.

**Discussion**

Plaintiff's Amended Complaint to Enforce Contract, for Declaratory Judgment and for Money Damages Under the Employee Retirement Income Security Act of 1974 (ERISA) (Doc.

27) contains no specific counts identifying claims against defendant.  Instead, plaintiff appears to assert an ERISA estoppel claim, a state law claim for breach of contract, and a claim for benefits under 28 U.S.C. § 1132(a)(1)(B).  The Court will address each in turn.

### A. Estoppel Claim

While not entirely clear from the Amended Complaint, plaintiff's primary theory of recovery against defendant appears to be grounded in equitable estoppel.

Although many courts have expressed skepticism about the viability of an estoppel claim in the context of an ERISA case, the Sixth Circuit has permitted equitable estoppel in the context of ERISA welfare benefit plans.  *Sprague v. General Motors Corp.,* 133 F.3d 388, 403 (6th Cir. 1998);  *Armistead v. Vernitron Corp.,* 944 F.2d 1287, 1299 (6th Cir. 1991).  And in recent years, the Sixth Circuit has extended this in the context of disputes over ERISA pension plans. *Bloemker v. Laborers' Local 265 Pension Fund*, 605 F.3d 436, 440 (6th Cir. 2010).  However, to address the concern raised in earlier cases that "estoppel claims could undermine the financial integrity of ERISA pension plans," the court expressed that it would permit an estoppel claim in pension cases only where (i) the representation giving rise to the claim of estoppel "was made in writing," and (ii) "the plaintiff can demonstrate extraordinary circumstances." *Id.* at 440.  Aside from these showings, the plaintiff must also establish the five traditional elements of equitable estoppel:

> 1) conduct or language amounting to a representation of material fact; 2) awareness of the true facts by the party to be estopped; 3) an intention on the part of the party to be estopped that the representation be acted on, or conduct toward the party asserting the estoppel such that the latter has a right to believe that the former's conduct is so intended; 4) unawareness of the true facts by the party asserting the estoppel; and 5) detrimental and justifiable reliance by the party asserting estoppel on the representation.

*Id.* at 442 (citing *Armistead,* 944 F.2d at 1298).

5

Plaintiff contends that in anticipation of retirement he contacted defendant's representatives. During the course of his communications with them, he was advised by Barnhill that he would receive a lump sum pension benefit as well as a monthly annuity. Based on these representations, he made an official notification in July 2004 of his intent to retire March 1, 2005.

Defendant argues that plaintiff's claim must fail because he cannot establish all of the required elements for the estoppel claim. Plaintiff cannot show that, at the time Barnhill emailed plaintiff with an estimate, defendant was aware that plaintiff was not entitled to a monthly annuity. Moreover, plaintiff was in possession of the SRPP which contains specific written formulas that allow for individual benefit calculations. Finally, defendant argues that plaintiff received an accurate pension calculation, devoid of any mention of an annuity, before making his final retirement election.

Upon review, the Court finds that plaintiff is unable to establish the essential elements of an equitable estoppel claim. There is no evidence in the record that defendant was aware that plaintiff was not entitled to an annuity under "special early retirement." Therefore, plaintiff cannot establish the second element of the estoppel claim. Moreover, there is certainly no evidence that defendants' actions "contained an element of fraud, either intended deception or such gross negligence as to amount to constructive fraud" required for this element. *See Stark v. Mars Inc.*, 879 F. Supp. 2d 752, 762 (S.D. Ohio 2012), *aff'd* 518 F. App'x 477 (6th Cir. 2013). The evidence before the Court is that Barnhill made a mistake, nothing more.

Likewise, the Court is not persuaded that plaintiff's reliance on Barnhill's March 2004 estimate would have been reasonable at the time he made his final election. Plaintiff does not

6

dispute that he received Westfall's correct pension benefit estimate, as well as Barnhill's explanation of her error, prior to his final election to retire. There is no evidence that plaintiff could not have delayed his final election or that he even attempted to do so after learning of the error. Plaintiff's argument that "he may have chosen not to retire when he did" if he had known he was not going to receive the monthly annuity is insufficient to establish justifiable reliance. (Doc. 36 p. 6).

Additionally, the Sixth Circuit has recognized that a "party's reliance can seldom, if ever, be reasonable or justifiable if it is inconsistent with the clear and unambiguous terms of plan documents available to or furnished to the party." *Sprague,* 133 F.3d at 404; *see also Livick v. Gillette Co.,* 524 F.3d 24, 31 (1st Cir. 2008) (noting that where a plan provision is clear and unambiguous, "an informal statement in conflict with it is in effect purporting to *modify* the plan term, rendering any reliance on it inherently unreasonable"); *Mello v. Sara Lee Corp.,* 431 F.3d 440, 447 (5th Cir. 2005) (noting the "clear and consistent case law forbidding recognizing reasonable reliance on informal documents in the face of unambiguous Plan terms"). Plaintiff does not argue that the language in the SRPP is ambagious and that he was entitled to a "special early retirement" annuity. This absence of ambiguity or complexity in the pertinent SRPP terms also precludes plaintiff from establishing the justifiable reliance element of his claim of equitable estoppel. *Trombly v. Fid. Workplace Servs. LLC*, 11-13477, 2013 WL 866456 (E.D. Mich. Mar. 7, 2013).

Because the Court concludes that there is no evidence that defendants were aware that plaintiff was not entitled to a "special early retirement" annuity or that his reliance on Barnhill's March 2004 estimate was reasonable, plaintiff's estoppel claim fails as a matter of law.

### B. Breach of Contract

The caption to plaintiff's Amended Complaint asserts that it is "to enforce contract." To the extent that plaintiff's complaint can be construed as asserting a state law claim for breach of contract, defendant correctly points out that any such state law claim is preempted by ERISA. *See Bloemker,* 605 F.3d at 440; *Ramsey v. Formica Corp.,* 398 F.3d 421, 424–25 (6th Cir. 2005). Plaintiff does not contend otherwise in his response. Consequently, any state law theory of recovery asserted by plaintiff is preempted.

### C. ERISA Claim under 28 U.S.C § 1132(a)(1)(B)

Finally, defendant argues that any challenge under 28 U.S.C §1132(a)(1)(B) to the correctness of the Plan Administrator's decision to deny plaintiff a monthly annuity based on the formulas set forth in the SRPP has been foreclosed. Plaintiff did not argue that the benefit calculation was incorrect during his administrative appeal. Consequently, he has failed to exhaust his administrative remedies on this issue. Moreover, defendant argues that the decision to deny plaintiff an annuity was not arbitrary and capricious as he was not eligible for "special early retirement."

Upon review, the Court also finds that any ERISA claim under §1132(a)(1)(B) also fails as a matter of law. The SRPP contains language giving deference to the Plan Administrator. (SPR 476). Accordingly, the appropriate standard of review of the Plan Administrator's decision is arbitrary and capricious. *Judge v. Metro. Life Ins. Co.*, 710 F.3d 651, 657 (6th Cir. 2013). Plaintiff does not dispute that he failed to raise the issue of an incorrect calculation of his benefits under the terms of the SRPP during his administrative appeal. Consequently, plaintiff has failed to exhaust his administrative remedies on this issue. Regardless, the Court also

concludes that the Plan Administrator's decision was not arbitrary and capricious.

**Conclusion**

For the reasons set forth above, Defendants' Motion for Judgment on the Administrative Record (Doc. 34) is GRANTED.  The case is DISMISSED.

IT IS SO ORDERED.


       /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      United States District Judge

Dated: 6/19/14